(No. 4597- )

J. A. Ross and Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 24, 1954.*

Charles O. Loucks and Clarkson W. Loucks, Attorneys for Claimant.

Latham Castle, Attorney General; Marion G. Tiernan, Assistant Attorney General, for Respondent.

Wham, J.

This case involves a claim, which presents no conflict of either fact or law. After considering the record of the case, we find that the claim should be allowed for the amount prayed in the complaint.

Commissioner Sydney Wolfe in his report sets forth

the pertinent facts, and the Court hereby adopts such report as its opinion. The report is as follows:

"Claimant, J. A. Ross and Company, by its complaint filed herein, seeks to recover from the State of Illinois, respondent herein, the sum of $1,806.50 for cinders sold and delivered to respondent during the months of January, February and March, 1953. The facts are not in dispute. Briefly stated, they are as follows: The Division of Highways of the State of Illinois issued its purchase order No. 37680 to claimant on December 3, 1952 for 7,500 cubic yards of cinders to be delivered to various yards and projects of respondent at agreed prices of $1.50 and $1.75 per cubic yard. Claimant fully complied with the terms and conditions of said purchase order, and received payment in full for all deliveries with the exception of 782 cubic yards delivered to respondent's Glenview Yard, and 292 cubic yards delivered to respondent's Bradley Yard.

The Departmental Report filed herein clearly indicates that all deliveries were in fact made by claimant, and delivery tickets, receipted by an authorized Division employee, were offered and received in evidence herein. Respondent's failure to pay the balance of claimant's claim was due to the fact that the invoices were apparently never received by the proper department of the Division of Highways, or, if received, were lost or mislaid. Because of a change of personnel in the office of claimant, failure to receive payment of the lost or mislaid invoices was not discovered until November, 1953, or almost two months after the lapse of the 67th biennial appropriations. The invoices could not, therefore, be vouchered for payment. Claimant was, therefore, advised to make claim against respondent through this Court.

Claimant, notwithstanding the admission of respondent of liability in the matter, was required to, and did make full and complete proof in this proceeding of its claim. The exhibits filed herein, and made a part of this report of proceeding, fully support its position.

The undersigned believes that claimant is not guilty of any negligence in rendering its invoices for the unpaid cinders, so as to bar its claim, and, therefore, respectfully recommends that claimant's claim for payment of the sum of $1,806.50 be allowed.

Dated at Chicago, Illinois, this 15th day of July, 1954.

/s/ SYDNEY WOLFE
*Sydney Wolfe, Commissioner*"

We, therefore, award claimant the sum of $1,806.50.